Jeffrey I. Kaplan (JK 4706)
SORIN ROYER COOPER LLC
Two Tower Center Boulevard, 11th Floor
East Brunswick, NJ 08816
Telephone: (732) 839-0400
Facsimile: (732) 393-1901
Email: jkaplan@sorinroyercooper.com

*Attorneys for Plaintiff Source Search Technologies, LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Source Search Technologies, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>kayak.com, Inc.<br><br>　　　　　　　Defendant. | **COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Source Search Technologies, Inc. ("Plaintiff" or "SST") demands a jury trial and complains against the defendant as follows:

**THE PARTIES**

1.　　SST is a limited liability company organized and existing under the laws of the State of New Jersey, having a place of business at 16 Winding Way, Upper Saddle River, New Jersey 07458.

2.　　Upon information and belief, defendant kayak.com, Inc. ("kayak") is corporation organized under the laws of the State of Connecticut, having a principle place of business at 55 North Water Street, Norwalk, CT.

{00001499.v1 }

1

## JURISDICTION AND VENUE

3.     This action arises under the patent laws of the United States of America, Title 35 of the United States Code.  This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

4.     Upon information and belief, Kayak does business and is committing infringements in this judicial district and is subject to personal jurisdiction in this judicial district by advertising, marketing and selling its services and the infringing services within this judicial district.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT

6.     Plaintiff SST repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 5 above.

7.     On May 26, 1998, U.S. Patent No. 5,758,328  (hereinafter referred to as "the '328 patent") was duly and legally issued to Joseph Giovannoli for an invention entitled "Computerized Quotation System And Method".  Plaintiff SST is the owner by assignment of all right, title and interest in the '328 patent.  The '328 patent pertains to a method and system that allows a central computer to filter requests for quotes, and to interface to various vendor computers to obtain and forward such quotes to potential buyers of goods and services. A copy of the '328 patent is attached hereto as Exhibit 1.

{00001499.v1 }

## **CLAIM FOR PATENT INFRINGEMENT**

## **COUNT ONE**

8.     Plaintiff SST repeats and incorporates herein the entirety of the allegations contained in paragraphs 1 through 7 above.

9.     Defendant Kayak has and still is directly infringing the '328 patent by, among other things, selling and offering for sale in this judicial district services, for users to obtain quotes for travel from vendors of such services such as, but not limited to, airlines and the like. For example, the website www.kayak.com, operated by defendant Kayak, provides an interface for users to enter information, which upon information and belief, is then filtered and provided to an application programming interface, which interface is comprised of a software package to be able to obtain the quotes from numerous airlines and other travel related services vendors, all in accordance with the teachings and claims of the '328 patent.   At the website www.kayak.com, a user can then view and select the quotes after the system forwards such quotes, in accordance with the teachings of the '328 patent.

10.     SST alleges that Kayak's system and services infringe at least claim 12 of the '328 patent. SST believes that discovery will reveal that Defendant is infringing additional claims of the '328 patent.

11.     Plaintiff has been damaged by Kayak's infringement of the '328 patent and will be irreparably harmed unless such infringing activities are enjoined by this Court.

{00001499.v1 }

3

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff SST prays for judgment against Defendant on all the counts and for the following relief:

    A.    Declaration that claims 4 through 12 and 14 through 19 of the '328 patent are valid and enforceable;

    B.    Declaration that defendant has infringed the '328 patent, including, but not limited to, claim 12;

    C.    An injunction against Defendant, each of their officers, agents, servants, employees, and attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons acting in active concert or participation with them, including distributors and customers, enjoining them from continuing acts of infringement of the '328 patent;

    D.    An accounting for damages under 35 U.S.C. §284 from Defendant for their respective infringement of the '328 patent, and the award of damages ascertained against Defendant in favor of Plaintiff SST, together with interest as provided by law;

    E.    Award of the Plaintiff's costs and expenses; and

    F.    Such other and further relief as this Court may deem proper, just and equitable.

{00001499.v1 }
4

**DEMAND FOR JURY TRIAL**

Plaintiff SST demands a trial by jury of all issues properly triable by jury in this action.

                              SORIN ROYER COOPER LLC
*Attorneys for Plaintiff*
*Source Search Technologies, LLC*
Two Tower Center Boulevard, 11th Floor
East Brunswick, NJ 08816
Telephone: (732) 839-0400
Facsimile: (732) 393-1901
Email: jkaplan@sorinroyercooper.com

Dated: June 13, 2011                    By:    s/Jeffrey I. Kaplan/
                                                          Jeffrey I. Kaplan (JK 4706)

{00001499.v1 }